UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ROBERT EARL YOUNG,

        Plaintiff,

        Case No. 2:24-cv-26

v.

        Honorable Robert J. Jonker

SARAH SCHROEDER et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. In an order (ECF No. 5) entered on March 7, 2024, the Court directed Plaintiff to file an amended complaint within 28 days. The Court directed Plaintiff to do so because he had not identified any individuals as defendants. Plaintiff was advised that if he failed to submit an amended complaint naming at least one of the Defendants within the time allowed his complaint may be dismissed without prejudice. (*Id.*, PageID.41.)

The Court received Plaintiff's amended complaint (ECF No. 6), in which Plaintiff fails to identify either of the previously listed Defendants Unknown Parties, but names an additional Defendant, namely Warden Sarah Schroeder.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against Defendant Schroeder and Unknown Party #2 for failure to state a claim. Plaintiff's Eighth Amendment claim against Unknown Party #1 will be dismissed without prejudice because the Court is unable to effect service upon the Unknown Party.

## Discussion

### I.     Factual Allegations

Plaintiff is currently incarcerated at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains, however, occurred while he was being transferred from the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan, to KCF. In his amended complaint, Plaintiff names Defendants MBP Warden Sarah Schroeder, MBP Corrections Officer Unknown Party #1 named as "C/O Doe," and MBP Corrections Officer Unknown Party #2, named as "C/O Super. Transfer." (ECF No. 6, PageID.42-47.) Plaintiff sues Defendants in their individual and official capacities.

Plaintiff alleges that on November 21, 2022, Defendant Unknown Party #1 placed him in belly chains and shackles about 3:00 pm. Plaintiff remained in restraints for the next six hours, until 9:00 pm. Plaintiff states that as soon as the restraints were placed on him, he told Defendant Unknown Party #1 that they were too tight, especially on his left leg. Defendant Unknown Party #1 replied that Plaintiff did not have far to walk and that he would be alright. (*Id.*)

Defendant Unknown Party #1 then took Plaintiff and some other prisoners to the sally-port, but on the way, they took a wrong turn and had to back-track to take the correct route. Plaintiff again complained that his shackles were too tight. Once on the bus, Plaintiff asked to have his shackles loosened, but was told by staff on the bus that he had to be on prison grounds to have his

shackles removed. Plaintiff protested that he did not want them removed, merely loosened. An unnamed transfer officer replied to Plaintiff by saying, "It's the same thing." (*Id.*)

Plaintiff was then on the bus for four to five hours and was unable to stretch or adjust his legs at all during the trip. During the trip, which included 30-minute layovers at the Alger Correctional Facility and the Newberry Correctional Facility, Plaintiff was in serious pain. (*Id.*, PageID.48.)

Plaintiff arrived at KCF somewhere around 9:00 pm and continued to be in serious pain after the restraints were removed. Plaintiff attempted to address the issue with a nurse, who told him to fill out a kite. On November 24, 2022, Plaintiff was still in serious pain and noticed a swelling in his lower left leg. Plaintiff filled out a medical kite detailing his symptoms and was seen by Nurse Michelle Vieau on November 25, 2022. After examining Plaintiff's leg, Nurse Vieau sent him to War Memorial Hospital Emergency Department, where Plaintiff was diagnosed as having a blood clot. (*Id.*)

Plaintiff was seen by Dr. Gluck and explained that he had been kept in tight restraints for several hours and that the pain in his lower left leg began immediately after the removal of the restraints. Plaintiff asserts that the restraints caused him to lose circulation in his left leg. Dr. Gluck prescribed Lovenox, which was administered via painful daily shots in Plaintiff's abdomen for a period of thirty days. (*Id.*) Plaintiff states that the treatment resulted in pain and bruising on his abdomen. Plaintiff was also prescribed Warfarin daily, which he continues to take. (*Id.*, PageID.49.)

Plaintiff asserts that Defendant Unknown Party #1 violated his rights under the Eighth Amendment when he placed Plaintiff in shackles that were too tight. (*Id.*, PageID.47, 49–52, ¶¶ 6–8, 17–19, 21, 24–27, 32.) Plaintiff sues Defendant Unknown Party #2 apparently because he

3

was the supervisor of Unknown Party #1 and, thus, responsible for the subordinate's actions. (*Id.*, PageID.43, 49.) Plaintiff also claims that Defendant Schroeder "had a duty to train staff properly." (*Id.*, PageID.47, ¶ 8.) Plaintiff does not offer any other allegations regarding Defendant Schroeder. He alleges no facts that identify what Defendant Schroeder was supposed to train staff about or what staff she was supposed to train, or how the training fell short, or the relationship between the failed training and the actions of Defendant Unknown Party #1.

Plaintiff seeks compensatory, punitive, and nominal damages, as well as declaratory and injunctive relief.

I.  **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Schroeder

Plaintiff fails to allege that Defendant Schroeder took any action against him, other than to suggest that she failed to adequately train her staff. Section 1983 claims cannot be maintained on the basis of a supervisory theory of liability for failure to train without some evidence of encouragement or direct participation. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers'" (quoting *Hays v. Jefferson Cnty, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982))). Plaintiff alleges no facts that support an inference that Defendant Schroeder encouraged or directly participated in the incident at issue in the complaint. Accordingly, Plaintiff has failed to state a claim against her.

B.     **Defendant Unknown Party #2**

With regard to Defendant Unknown Party #2, Plaintiff alleges no active involvement in the shackling. The only allegation regarding Unknown Party #2 is that he supervised Unknown Party #1.[1]

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official: "'at a minimum,' the plaintiff must show that the defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also*

---

[1] In ¶ 19 of the amended complaint, Plaintiff conclusorily suggests that both Unknown Party #1 and the supervisor are liable for the violation; but the detailed factual statement attributes the actual shackling to only Unknown Party #1,

*Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Unknown Party #2 encouraged or condoned the conduct of Unknown Party #1, or authorized, approved or knowingly acquiesced in the conduct. Indeed, he fails to allege any facts at all about the conduct of Unknown Party #2. His vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Unknown Party #2 was personally involved in the events set forth in the complaint. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Plaintiff's § 1983 action against Unknown Party #2 is apparently premised on nothing more than respondeat superior liability, Plaintiff fails to state a claim against that party.

    **C.**    **Defendant Unknown Party #1**

Plaintiff asserts that Defendant Unknown Party #1 subjected him to cruel and unusual punishment by applying restraints that were too tight and allegedly resulted in him developing a blood clot in his left leg. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous", nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

7

Plaintiff's allegations against Defendant Unknown Party #1 are somewhat conclusory, but even assuming for purposes of argument that Plaintiff's allegations state a *Twombly*-plausible claim, the claim cannot proceed on this record because Plaintiff has failed to provide any identifying information with respect to Unknown Party #1. The record lacks sufficient information to permit the Court to effect service upon the unknown individual. In the March 7, 2024, order directing Plaintiff to amend his complaint (ECF No. 5), Plaintiff was advised that the Court's inability to effect service upon an Unknown Party would result in dismissal of the complaint without prejudice. Therefore, because Unknown Party #1 is the only remaining defendant in this action, and the Court is unable to effect service this individual, Plaintiff's claim against Unknown Party #1 will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against Defendant Schroeder and Unknown Party #2 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claim against Unknown Party #1 will be dismissed without prejudice because the Court is unable to effect service upon the Unknown Party.

A judgment consistent with this opinion will be entered.

Dated:   May 17, 2024                                              /s/ Robert J. Jonker
                                                                             Robert J. Jonker
                                                                             United States District Judge

8